IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CR. No. C-06-343 |
| | § | |
| DAUDET GOMEZ-HERNANDEZ. | § | |

**MEMORANDUM AND RECOMMENDATION**
**DENYING EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

Defendant was indicted for illegal reentry into the United States after he had been previously deported in violation of 8 U.S.C. § 1326. (D.E. 8). Pending is his motion for an extension of time to file his notice of appeal. (D.E. 26).

## I. BACKGROUND

On June 16, 2006, defendant pleaded guilty to the charge in the indictment. (D.E. 13). That same day, he also entered a memorandum of plea agreement with the Government. (D.E. 14). On August 28, 2006, defendant was sentenced to 55 months in the custody of the Bureau of Prisons, a two-year term of Supervised Release, and a $100 Special Assessment. (D.E. 20). On September 5, 2006, judgment was entered. (D.E. 21).

Defendant filed his motion for an extension of time to file a notice of appeal

no earlier than February 8, 2007.  (D.E. 26, at 2).[1]  He also filed a notice of appeal on that same day.  (D.E. 27).

At the time that defendant was sentenced, he asserts that he was incarcerated in Falfurrias, Texas.  After sentencing, "all of [his] legal materials were boxed up and [he] was placed in transit."  (D.E. 26, at 1).  He claims that from Falfurrias, he was taken to Corpus Christi and then transported to Livingston, Texas where he was held for two months.  From Livingston, he was sent to Atlanta, Georgia before going to Petersburg, Virginia and then on to his final destination at the Rivers Correctional Institution located in Winton, North Carolina.  Id.  During this period of transit, he did not have access to his legal materials.  Id.  Defendant arrived at the Rivers Correctional Institution on December 21, 2006.  (D.E. 23).

## II.  APPLICABLE LEGAL STANDARDS

### A.    Timeliness of Defendant's Appeal.

A notice of appeal by the defendant in a criminal case must be filed within 10 days of the entry of judgment.  Fed. R. App. P. Rule 4(b)(1)(A); accord United States v. West, 240 F.3d 456, 458 (5th Cir. 2001).  A prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing.  Fed. R. App. P. 4(c)(1); see also Houston v. Lack,

---

[1] While defendant's motion for an extension of time to file a notice of appeal was dated February 8, 2007, the envelope was stamped February 26, 2007.  (D.E. 26, at 3).  Moreover, it was filed with this Court on March 2, 2007.

487 U.S. 266, 276 (1988).

### B.     Excusable Neglect.

An untimely notice of appeal is construed as a motion for a determination of whether the defendant is entitled to an extension of time to appeal.  United States v. Arce-Jasso, 389 F.3d 124, 128 (5th Cir. 2004) (citations omitted).  A district court may, upon a finding of excusable neglect, before or after the time has expired, extend the time to file a notice of appeal for a period not to exceed thirty days from the time otherwise prescribed by Rule 4(b)(1)(A).  Fed. R. App. P. 4(b)(4).  All relevant circumstances should be considered including "the danger of prejudice to the [government], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [defendant], and whether the [defendant] acted in good faith."  Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).[2]

A showing of excusable neglect or good cause is a difficult one to make.  As the Fifth Circuit has recognized:

> The burden of establishing excusable neglect is upon an

---

[2] As the Fifth Circuit has explained, "[t]hough Pioneer involved the bankruptcy rule allowing late filing of claims in bankruptcy upon a finding of 'excusable neglect,' it is clear that 'Pioneer controls determinations of excusable neglect under Rule 4(b).'"  United States v. Clark, 193 F.3d 845, 846 n.4 (5th Cir. 1999) (quoting United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995)).

> appellant, even one proceeding pro se. Our circuit's rule is that the excusable neglect standard is a strict one, requiring more than mere ignorance. Failure to learn of the entry of judgment is the major, but not the only, reason for finding excusable neglect. Other unique circumstances may render the dismissal unfair. The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable. Courts should sanction deviations from the letter of the rules only on the most compelling showing that the purposes of the rules are served.

Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (numerous internal citations omitted).

### III.  DISCUSSION

####   A.    Defendant's Notice of Appeal Was Not Timely Filed.

By his own admission, defendant acknowledges that his pro se notice of appeal was not placed in the prison mail system within ten days of the entry of judgment as required. He had ten days from the entry of the judgment on September 5, 2006 to file his notice of appeal, or until September 19, 2006. See Fed. R. App. P. 4(b)(1)(A); see also Fed. R. Civ. P. 6(a). As a result, it is respectfully recommended that unless defendant can show excusable neglect, his notice of appeal was not timely filed.

####   B.    Defendant Cannot Demonstrate Excusable Neglect.

Defendant filed his motion for an extension of time to file a notice of appeal

as well as his notice of appeal no earlier than February 8, 2007. His ten days from entry of his judgment lapsed on September 19, 2006. Pursuant to Rule 4(b)(4), he had no more than thirty days from this date to file a motion for an extension of time to file a notice of appeal. His motion was due no later than October 19, 2007. He filed his motion 112 days after the deadline of October 19, 2007 and 146 days after the entry of judgment.

The Fifth Circuit has explained that "[u]pon a showing of excusable neglect, a district court may extend the time to file for thirty days, but in no case may a district court extend the time more than thirty days after the expiration of the ten day period." United States v. Adams, 106 F.3d 646, 647 (5th Cir. 1997); see also United States v. Silvas, 150 Fed. Appx. 359, 360 (5th Cir. Oct. 19, 2005) (per curiam) (unpublished) (holding that district court lacked jurisdiction to grant defendant's motion for leave to file an out-of-time criminal appeal because defendant's motion was filed more than 40 days after the entry of judgment); United States v. Dumont, 936 F.2d 292, 294-95 (7th Cir. 1991) (holding that criminal appeal filed more than 40 days after the entry of judgment was untimely).

Accordingly, it is respectfully recommended that defendant failed to demonstrate that excusable neglect would permit him to file an untimely notice of appeal.

## IV.  RECOMMENDATION

Therefore, it is respectfully recommended that defendant's motion for an extension of time to file a notice of appeal, (D.E. 26), be denied.

Respectfully submitted this 7th day of March 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).