IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| v. | § | Cr. No. C-06-343 |
| | § | C.A. No. C-07-272 |
| | § | |
| DAUDET GOMEZ-HERNANDEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER DENYING WITHOUT PREJUDICE
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant Daudet Gomez-Hernandez ("Gomez") was sentenced by this Court on August 28, 2006. (D.E. 20.)[1] Final judgment was entered on September 5, 2006. (D.E. 21.) Gomez filed an untimely notice of appeal, and also filed a motion for extension of time to appeal, which this Court denied. (D.E. 26, 27, 37.) Despite the fact that it was untimely filed, his appeal remains pending before that Court. See generally docket sheet in United States v. Gomez-Hernandez, No. 07-40249 (5th Cir.).

On June 15, 2007, the Clerk of this Court received from Gomez a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 42). The Court cannot address Gomez's § 2255 motion while his direct criminal appeal is pending. As the Fifth Circuit noted in Welsh v. United States: "A motion to vacate under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, in as much as the disposition of the appeal may render the motion moot." 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988). Similarly, the outcome of Gomez's appeal may moot some or all of the grounds raised in his motion.

---

[1] Docket references are to the criminal case.

For the foregoing reasons, Gomez's § 2255 motion (D.E. 42) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 21st day of June, 2007.

_____
Janis Graham Jack
United States District Judge